(10 Misc. Rep. 230.)

## LAZZARO v. MAUGHAM.

(City Court of New York, General Term. November 20, 1894.)

DEPOSITION—INTERROGATORIES—SECONDARY EVIDENCE.

An interrogatory in regard to the recollection of a witness of the contents of a letter written by him is properly disallowed, where he is not first required to state whether he had a copy, and, if so, to produce it, as the best secondary evidence of the contents of the letter.

Appeal from special term.

Action by Al. E. Lazzaro against John H. Maugham. From an order striking out certain proposed interrogatories from a commission to take evidence, plaintiff appeals. Affirmed.

Argued before EHRLICH, C. J., and VAN WYCK, J.

H. M. Hitchings, for appellant.

Root & Clark, for respondent.

VAN WYCK, J. The pleadings show a contract whereby plaintiff's assignor agreed to sell and deliver, and defendant to receive and pay for, certain bonds, at two certain banks in New York City. The plaintiff sues to recover damages for defendant's failure to so receive and pay for the bonds, while defendant counterclaims for plaintiff's assignor's failure to so sell and deliver the same bonds. There seems no dispute between the parties as to any of the terms of the contract; hence plaintiff will only be called upon to prove defendant's failure to receive and pay for the bonds at the designated banks in New York, and his alleged damages by reason of such failure. After issue thus joined, plaintiff moved for a commission for the examination of his assignor at Kansas City, and for the settlement of certain interrogatories to be propounded to him; and defendant's objections to interrogatories 8, 9, 11, and 16 were sustained by the order from which this appeal is taken. Under the eleventh and sixteenth, the witness was permitted to state orally the terms of his own contract with the New York banks in reference to the bonds, and the order allowed him to do so provided that such contract was verbal, but not so if the contract was in writing. By the eighth and ninth interrogatories, plaintiff sought to have the witness give his recollection of the contents of a telegram and letter written by him to defendant, and which fixed the terms of the original contract. Were these papers pertinent to the issues to be tried under the pleadings, which left no dispute as to the terms of the original contract? Plaintiff concedes that this secondary evidence of the contents of these papers could not be given at trial until the proper foundation for its introduction had first been laid, but contends that, unless these interrogatories are now allowed, he will be left at trial without this secondary evidence of their contents should defendant refuse to respond to a subpoena duces tecum, or notice to produce the originals. This is true, but he must frame his interrogatories here as he would be compelled to do at trial; and at trial, before he would be allowed to give his recollection of the contents of the telegram and letter, he would be forced to state

whether or not he had made letterpress or other copies of the same at the time they were indited, and, if so, then to produce such copies, the best secondary evidence of their contents, or satisfactorily explain his inability to do so. The duplicate original of the telegram is certainly in the telegraph office at Kansas City, and it is fair to assume that the witness, a dealer in bonds and other negotiable securities, made and has in his possession letterpress copies of both; and it was not error to disallow interrogatories which permitted him to give his own recollection of the contents of letters written to, but possibly never received by, the defendant, although the witness might have true and exact copies of them in his possession. The safest practice for a party compelled to prove by a nonresident witness the contents of letters mailed to his adversary is to seek an inspection and copy of the originals from his adversary, under section 803 of the Code, or, if by commission, to frame his interrogatories in accordance with rule as above suggested. Are not both of these remedies still left to the plaintiff? Order affirmed, with $10 costs.